UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20855-CR-MARTINEZ/AOR

UNITED STATES OF AMERICA,

    Plaintiff,
v.

KINOY EDWIN MILLER,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendant Kinoy Edwin Miller's ("Defendant") *pro se* letter to the Court requesting appointment of counsel to assist him with filing a second or successive petition pursuant to 28 U.S.C. § 2255 (hereafter, "Motion to Appoint Counsel") [D.E. 54]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 55]. For the reasons set forth below, the undersigned respectfully recommends that Defendant's Motion to Appoint Counsel be DENIED.

## PROCEDURAL HISTORY

On December 13, 2011, Defendant was charged by way of Indictment with the following offenses:

| | |
|---|---|
| Count 1: | Conspiracy to commit Hobbs Act Robbery, in violation of Title 18, United States Code, Section 1951(a). |
| Count 2: | Hobbs Act Robbery, in violation of Title 18, United States Code, Section 1951(a). |
| Count 3: | Possession of a firearm during a crime of violence, in violation of Title 18, United States Code, Section 924(c)(1)(A). |

        Count 4:        Possession of a firearm by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

See Indictment [D.E. 1]. On March 21, 2012, Defendant pled guilty to all four counts of the Indictment. See Change of Plea [D.E. 20]. On May 30, 2012, Defendant was sentenced to a term of imprisonment of 264 months, consisting of 180 months each for Counts 1, 2, and 4 to be served concurrently, and 84 months for Count 3 to be served consecutively [D.E. 30]. On November 25, 2013, the Court granted the government's request to reduce Defendant's sentence to reflect his substantial assistance in the prosecution of others, and re-sentenced Defendant to a term of imprisonment of 119 months [D.E. 39, 40].

On October 14, 2015, Defendant filed a motion under 28 U.S.C. § 2255 (hereafter, "Section 2255") to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereafter, "Motion to Vacate") pursuant to the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), arguing that he no longer qualified as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e) [D.E. 42]. On May 19, 2016, the Honorable Patrick A. White, United States Magistrate Judge ("Judge White") issued a Report and Recommendation recommending that Defendant's Motion to Vacate be granted with respect to his claim that he should be re-sentenced. See Report of Magistrate Judge, Case No. 15-CV-23845-MARTINEZ [D.E. 18]. On August 15, 2016, the Court adopted Judge White's Report and Recommendation [D.E. 45], and on September 20, 2016, Defendant was re-sentenced to a term of imprisonment of 102 months [D.E. 51].

On April 27, 2018, Defendant filed the instant Motion to Appoint Counsel to assist him with preparing a second or successive Section 2255 petition [D.E. 54]. Defendant seeks to challenge his conviction or sentence pursuant to Sessions v. Dimaya, 138 S. Ct. 1204 (2018), in which the Supreme Court held that the "residual clause" of the federal criminal code's definition

of "crime of violence" as incorporated in the Immigration and Nationality Act was impermissibly vague. Dimaya, 138 S. Ct. at 1215. On May 10, 2018, the government filed its Response to the Motion for Appointment of Counsel [D.E. 56]. The government informed the Court that it takes no position as to Defendant's request for counsel, but argues that Defendant was sentenced pursuant to the "use-of-force" clause of Title 18, United States Code, Section 924(c)(3)(A) rather than the "residual clause" of Section 924(c)(3)(B). Id.

## DISCUSSION

Pursuant Section 2255, a prisoner in federal custody "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. A one-year period of limitations applies to a Section 2255 motion, which may run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). "Before a prisoner may file a second or successive § 2255 motion, the prisoner must first obtain an order from [the Eleventh Circuit] authorizing the district court to consider the motion." Mitchell v. United States, 652 F. App'x 781, 783 (11th Cir. 2016) (citing 28 U.S.C. §§ 2244(b)(3)(A), 2255(h)). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005).

"There is no federal constitutional right to counsel on collateral review." Cepero v. United States, No. 07-CR-20855, 2016 WL 9108806, at *4 (S.D. Fla. Nov. 3, 2016) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)). The Eleventh "Circuit has recognized on a case-by-case evaluation that for certain individuals due process or the 'interests of justice' may require the appointment of a lawyer." Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir.

1985) (citations omitted). "Moreover, appointment of counsel is a privilege which is justified only by exceptional circumstances, such as when the facts and legal issues are so novel or complex as to require the assistance of counsel." Matias v. United States, No. 2:14-CR-111-FTM-29CM, 2016 WL 9185389, at *1 (M.D. Fla. Aug. 24, 2016) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987)) (finding that exceptional circumstances necessitated appointment of counsel given "the type and nature of the case, its complexity, and Plaintiff's ability to prosecute his claim"). Additionally, "Rule 8(c) of the Rules Governing § 2255 Proceedings provides that if an evidentiary hearing is required, the judge shall appoint counsel." Shepherd v. United States, 253 F.3d 585, 587 (11th Cir. 2001).

Defendant requests the Court to appoint counsel to assist him with filing a successive Section 2255 petition. Upon a review of Defendant's Motion to Appoint Counsel and the nature and type of this case and the level of complexity, unlike in Matias, the undersigned does not find that there are exceptional circumstances. See Matias, 2016 WL 9185389, at *1. Accordingly, the undersigned finds that the interests of justice do not require appointment of counsel in this case. Hooks, 775 F.2d at 1438.

## **RECOMMENDATION**

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Defendant's Motion to Appoint Counsel [D.E. 54] be DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez, United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in

accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida this 27th day of July, 2018.

                                                    ALICIA M. OTAZO-REYES
                                                    UNITED STATES MAGISTRATE JUDGE

cc:    United States District Judge Jose E. Martinez
       Counsel of record